## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : | Case No. 21-12027 (PMM) |
|  | : |  |
| JEFFREY L. DERSHEM, | : | Chapter 11 (Subchapter V) |
|  | : |  |
| Debtor. | : |  |

## DEBTOR'S SUBCHAPTER V PLAN OF LIQUIDATION

This Plan of Liquidation (the "Plan") is presented to you to inform you of the proposed plan for the orderly liquidation of the assets of Jeffrey L. Dershem (the "Debtor") and to seek your vote to accept the Plan.

You are encouraged carefully to review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY NOVEMBER 16, 2016, WHICH IS ALSO THE DEADLINE TO SUBMIT A BALLOT ACCEPTING OR REJECTING THE PLAN.**

**BALLOTS SHOULD BE COMPLETED AND RETURNED TO THE UNDERSIGNED COUNSEL FOR THE DEBTOR BY NOVEMBER 16, 2021,**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR NOVEMBER 23, 2021 at 11:00 A.M. AT THE UNITED STATES BANKRUPTCY COURT, THE GATEWAY BUILDING, 201 PENN STREET, READING PA 19601.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

Dated: October 11, 2021

*/s/ Jeffrey Kurtzman*
Jeffrey Kurtzman, Esquire
KURTZMAN | STEADY, LLC
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com
Attorneys for Debtor

## Table of Contents

SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS ................................................ 3

ARTICLE 1 ........................................................................................................................................... 4

HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR ............................................... 4

    1.1.    NATURE OF THE DEBTOR'S BUSINESS. ......................................................................... 4

ARTICLE 2 ........................................................................................................................................... 6

THE PLAN ............................................................................................................................................ 6

    A.    Administrative Expenses ............................................................................................. 6

    B.    Priority Tax Claims. .................................................................................................... 9

    2.2    CLASSES OF CLAIMS AND EQUITY INTERESTS ........................................................... 9

ARTICLE 3 ......................................................................................................................................... 15

FEASIBILITY OF PLAN ................................................................................................................... 15

    3.2.    ABILITY TO MAKE FUTURE PLAN PAYMENTS AND OPERATE WITHOUT FURTHER REORGANIZATION. 15

ARTICLE 4 ......................................................................................................................................... 15

LIQUIDATION ANALYSIS ............................................................................................................... 15

ARTICLE 5 ......................................................................................................................................... 16

DISCHARGE ....................................................................................................................................... 16

GENERAL PROVISIONS .................................................................................................................. 16

ARTICLE 7 ......................................................................................................................................... 18

ATTACHMENTS ................................................................................................................................ 18

ARTICLE 8 ......................................................................................................................................... 18

FREQUENTLY ASKED QUESTIONS ............................................................................................. 18

EXHIBIT "A" DEBTOR'S MOST RECENT MONTHLY OPERATING REPORT
EXHIBIT "B" ASSUMED EXECUTORY CONTRACTS
EXHIBIT "C" REJECTED EXECUTORY CONTRACTS
EXHIBIT "D-1" THROUGH "D-4" PROPERTY APPRAISALS
EXHIBIT "E" LIQUIDATION ANALYSIS

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

The Debtor is the co-owner, with his spouse, of three parcels of real property located in Zionsville, Lehigh County, Pennsylvania, consisting of (a) an approximately 61.066-acre parcel, (b) an approximately 17.37-acre parcel, and (c) an approximately 153-acre parcel containing the Debtor's principal residence (collectively, the "Property"). In the aggregate, the Property has been appraised at a value in excess of $3,000,000.00.

Pursuant to the Plan, the Debtor intends to market and sell the Property in one or more transactions, free and clear of liens, claims, encumbrances and interests (collectively, "Encumbrances"). All such sales will be exempt from transfer tax pursuant to section 1146(a) of the Bankruptcy Code.

The Property is encumbered by various liens and security interests. Such lienholders include Fidelity Deposit & Discount Bank, formerly known as Merchants Bank of Bangor ("Merchants"), Jeffrey Millhouse, and the Southern Lehigh School District.

The classification of claims against the Debtor pursuant to the Plan is as follows:

1. Class 1 – Allowed Merchants Secured Claim.
2. Class 2 – Allowed Jeffrey Millhouse Secured Claim and Lehigh County Tax Claim Bureau.
3. Class 3 – Allowed Southern Lehigh School District Secured Claims.
4. Class 4 – Allowed Priority Tax Claims
5. Class 5 – Allowed General Unsecured Claims.
6. Class 6 – Equity Interests.

The Plan provides that the secured portions of Classes 1 through 4 will be paid in full from the proceeds resulting from the sale of the Property and that Class 5 will be paid, if at all, from such proceeds or other non-exempt assets of the Debtor available for distribution, including recoveries from anticipated future litigation. Class 6 will not receive any distribution under the Plan unless and to the extent that all Classes of Claims are fully paid pursuant to this Plan.

For purposes of this Plan, the term "Allowed", as it relates to a claim, refers to the amount of a claim as determined by a final order of the Bankruptcy Court or by the Debtor's consent to the amount and priority of a filed proof of claim. As set forth more particularly in section 2.3 of this Plan, the Debtor reserves the right to object to any claim in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court.

## ARTICLE 1
## HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR

**1.1.  Nature of the Debtor's Business.**

Together with his spouse, the Debtor owns and operates the Property.

**1.2  History of Business Operations of the Debtor.**

The Debtor leases a portion of the Property for agricultural and other commercial uses.  The Debtor has retained Pennsylvania Land Professionals, LLC dba Mossy Oak Properties (the "Broker") as his real estate broker to market and sell the Property in one or more transactions, subject to the approval of the Bankruptcy Court.  Prior to the Petition Date, the Debtor engaged in negotiations with two prospective purchasers with respect to portions of the Property.  On the Petition Date, the Debtor obtained a written purchase offer for the 17.37 acre parcel for $170,000.00, which the Debtor believes is less than the current fair market value for that parcel.

**1.3  Filing of the Debtor's Chapter 11 Case.**

On July 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor's Chapter 11 case is pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Reading Division.

**1.4.  Legal Structure and Ownership.**

The Debtor is a sole proprietor and owns substantially all of his assets jointly with his spouse as tenants by the entireties.

**1.5.  Debtor's Assets.**

The Property, together with other personal property owned by the Debtor or in which the Debtor holds an interest, is described in the Debtor's schedules of assets and liabilities and statement of financial affairs (the "Schedules"), which were filed on August 4, 2021.

**1.6.  Debtor's Liabilities.**

The Debtor's principal liabilities include mortgage indebtedness to Merchants and Jeffrey Millhouse and real estate taxes.  The Debtor's liabilities as of the Petition Date are described in the Schedules

**1.7.  Current and Historical Financial Conditions.**

The Debtor's financial information as of the Petition Date is reflected in the Schedules. The Debtor's most current information is reflected in the monthly operating report annexed hereto and made a part hereof as Exhibit "A".

**1.8.** Events Leading to the Filing of the Bankruptcy Case.

The Debtor commenced this Chapter 11 case in order to stay respective sheriff's sales with respect to the Property scheduled on July 23, 2021, to provide a framework for the sale of the Property free and clear to maximize the value of the Property in connection with an orderly liquidation for the benefit of creditors, and to obtain the benefit of the transfer tax exemption under section 1146(a) of the Bankruptcy Code.

**1.9.** Significant Events During the Bankruptcy Case.

The Debtor filed his Chapter 11 petition on the Petition Date.

On August 4, 2021, the Debtor filed the Schedules.

On September 7, 2021, the Bankruptcy Court entered an Order approving the Debtor's retention of the Broker to market and sell the Property.

On August 31, 2021, the Debtor's meeting pursuant to § 341(a) of the Bankruptcy Code was held and concluded.

**1.10.** Projected Recovery of Avoidable Transfers.

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions and believes that no claims arising under Chapter 5 of the Bankruptcy Code exist.

# ARTICLE 2
## THE PLAN

As required by the Bankruptcy Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

### 2.1. Unclassified Claims.

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Bankruptcy Code. As such, the Plan does not place the following Claims in any class:

### A. Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid in accordance with this Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant or court order. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1. If the Debtor trades in the ordinary course of business on and after the Petition Date, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and his trade Creditors.

6

2. If the Debtor received goods purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

3. Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including the allowed claim of the Subchapter V Trustee (the "Trustee") for fees and/or reimbursements, and for attorneys, accountants and realtors employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 case. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | $0.00 | Payment through the Plan as follows:<br>N/A |
| Administrative Tax Claim | $0.00 | Payment through the Plan as follows:<br>paid in the ordinary course of business or from proceeds resulting from the sale of the Property |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | $0.00 | Payment through the Plan as follows:<br>N/A |

| | | |
|---|---|---|
| Professional fees, as approved by the Bankruptcy Court (excluding real estate broker's commissions) | $30,000.00 (estimated) | After Bankruptcy Court approval, payment through the Plan as follows:<br>Paid in full on or before the Effective Date |
| Clerk's Office fees | Unknown | Payment through the Plan as follows:<br>Paid in full on or before the Effective Date |
| Other Administrative Expenses (including real estate commission) | $150,000.00 (estimated) | Payment through the Plan as follows:<br>Paid in full on or before the Effective Date |
| Trustee | $5,000.00 (estimated) | Upon application under § 330 and after Bankruptcy Court approval, payment through the Plan as follows:<br>Paid in full on or before the Effective Date |
| TOTAL | $185,000.00 | |

B.      Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| None | $0.00 | | N/A |

2.2     Classes of Claims and Equity Interests.

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan

A.  Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code.  If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim. In addition, certain claims secured only by the debtor's principal residence, may require different treatment pursuant to § 1190(3) of the Bankruptcy Code as set forth below.

9

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 1 | Merchants Secured Claim Collateral description – 2nd lien on 17.37 acre parcel and 1st lien or remainder of the Property Purported Secured Amount = $2,478,616.00 (disputed) | No | Impaired | Balloon payment at the closing of the sale(s) of the Property in the Allowed amount of such claim, together with interest at the contract rate |
| 2 | *Secured claim of:* **Jeffrey Millhouse** Collateral description –**17.37 acre parcel of the Property** Allowed Secured Amount = **$248,000.00** Priority of lien: **first in relation to 17.37 acre parcel** | No | Impaired | To the extent that the claim is fully secured, a balloon payment at the closing of the sale of the applicable parcel of the Property in the Allowed amount of such claim, together with interest at the contract rate. If the claimant is undersecured, the secured portion will be paid at the closing of the sale of the applicable parcel of the Property. |
| 3 | Secured claims of Southern Lehigh School District and Lehigh County Tax Claim Bureau (real estate tax liens) Allowed Secured Amount = **$21,665.67** | No | Impaired | Balloon payment at the closing of the sale(s) of the Property in the Allowed amount of such claims, together with interest at the statutory rate |

B. Classes of Priority Unsecured Claims.

Certain priority Claims that are referred to in § 507(a)(1), (4), (5), (6), and (7) of the Bankruptcy Code are required to be placed in classes. The Bankruptcy Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 4 | Priority unsecured claim pursuant to Section 507<br>Total amt of claims = $0.00 | N/A | N/A |

C. Class of General Unsecured Claims

General Unsecured Claims (including unsecured deficiency claims) are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 5, which consists of general unsecured Claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 5 | General Unsecured Claims (including the unsecured deficiency claims of Secured Creditors) | Impaired | Paid from equity resulting from the sale of the Property and/or the liquidation of non-exempt assets after the payment in full of all senior Classes, including litigation recoveries |

D.  Class of Equity Interest Holders.

Equity Interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are Equity Interest holders.  In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company, the Equity Interest holders are the members.  Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the class of Equity Interest holders:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 6 | Equity Interest holder | Impaired | The Equity Interest holder will retain his exempt assets, but will otherwise received nothing under the Plan |

**2.3.**  Estimated Number and Amount of Claims Objections.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. Any Claim as to which an objection is filed will be treated as a Disputed Claim under the Plan.  If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan. The Debtor anticipates that an objection to the Merchants claim will be filed following the filing of a proof of claim.  As of the date hereof, no such proof of claim has been filed.

**2.4.**  Treatment of Executory Contracts and Unexpired Leases

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract.  The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval.  The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

12

[X]  Assumption of Executory Contracts and Unexpired Leases.

The Executory Contracts shown on Exhibit "B" shall be assumed by the Debtor. Assumption and assignment by the Debtor means that the Debtor will undertake the obligations under such contracts and unexpired leases, will cure defaults of the type that must be cured under the Bankruptcy Code, if any, and will assign the contract to the party listed, if any.

If you object to the assumption and assignment of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption and assignment within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

OR

[X]  Rejection of Executory Contracts and Unexpired Leases.

The Executory Contracts shown on Exhibit  "C"  shall be rejected by the Debtor.

Further, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on Exhibit  "C" , or not assumed before the Confirmation date.

Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases.  If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an unsecured Creditor holding a Claim that arose before the bankruptcy was filed

**The Deadline for Filing a Proof of Claim Against the Debtor, including a Claim Arising from the Rejection of an Executory Contract, Is <u>thirty (30) days after the Confirmation Date</u>.**  Any Claim based on the rejection of an Executory Contract will be barred if the proof of claim is not timely filed, unless the Bankruptcy Court orders otherwise.

**2.5.** Means for Implementation of the Plan.

The Plan will be implemented through the sale of the Property in one or more transactions, as described above. The outside date for the sale of the Property shall be twenty fourt (24) months from the Effective Date, unless extended by Order of the Bankruptcy Court for cause. The sale of the Property shall be free and clear of Encumbrances, with all such Encumbrances attaching exclusively to the sale proceeds.

Upon Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert to the Debtor, free and clear of all Claims, Encumbrances and equitable interests, except as provided in the Plan. The Debtor expects that the proceeds resulting from the sale of the Property, net of closing costs, will be sufficient to make the distribution required under the Plan.

From and after the Confirmation Date, the Debtor shall continue to manage his assets and operate his business.

**2.6.** Payments.

If the Plan is confirmed under §1191(a) of the Bankruptcy Code, payments to Creditors provided for in the Plan will be made by the Debtor pursuant to §1194(a). Once the Trustee's service is terminated under § 1183(c) of the Bankruptcy Code, the Debtor shall make Plan payments except as otherwise provided in the Plan or in the Confirmation Order.

If the Plan is confirmed under section § 1191(b) of the Bankruptcy Code, except as otherwise provided in the Plan or in the order confirming the Plan, the Trustee shall make all Plan payments to creditors under the Plan.

**2.7.** Post-Confirmation Management.

The Debtor shall continue to operate his business from and after the Confirmation Date without compensation of any kind.

**2.8.** Tax Consequences of the Plan.

***Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.***

The following are the anticipated tax consequences of the Plan: The Debtor and his spouse hold the Property as a capital asset and anticipate that the sale of the Property will result in Pennsylvania and federal capital gains tax liability. In addition, the Debtor anticipates that the distributions provided for hereunder will or may result in income tax liability to each Creditor receiving such distribution.

14

**2.9.**   Projections in Support of Debtor's Ability to Make Payments Under the
Proposed Plan

Annexed hereto and made a part hereof as Exhibit __"D"__ are respective appraisals
of the Property.  Exhibit "D" will be supplemented in advance of the Confirmation Hearing.

# ARTICLE 3
## FEASIBILITY OF PLAN

The Bankruptcy Court must find that confirmation of the Plan is not likely to be
followed by the liquidation, or the need for further financial reorganization, of the Debtor
or any successor to the Debtor, unless such liquidation or reorganization is proposed in the
Plan.

**3.1.**   Ability to Fund the Plan.

The Debtor believes that the Property has substantial market value and that the sale
of the Property in one or more transactions will be sufficient to satisfy Allowed Claims as
provided in the Plan.

**3.2.**   Ability to Make Future Plan Payments And Operate Without Further
Reorganization.

To the extent that the net proceeds resulting from the sale of the Property are
insufficient to satisfy Allowed Claims, the Debtor shall liquidate, or submit to the Trustee
to liquidate, the Debtor's non-exempt assets to the extent necessary for the implementation
of the Plan.

**You Should Consult with Your Accountant or other Financial Advisor If
You Have Any Questions Pertaining to the Tax Consequences of the Plan.**

# ARTICLE 4
## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity
Interest holders who do not accept the Plan will receive at least as much under the Plan as
such Claimants and Equity Interest holders would receive in a Chapter 7 liquidation.  A
liquidation analysis is attached hereto as Exhibit __"E"__.

# ARTICLE 5
# DISCHARGE

**5.1.**

Discharge. **If the Plan is confirmed under § 1191(a),** on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d) of the Bankruptcy Code; or

**If the Plan is confirmed under § 1191(b),** as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt—

(1) on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the Bankruptcy Court; or

(2) if applicable, of the kind specified in section 523(a) of this title; or alternatively, to the extent that § 1141(d)(3) of the Bankruptcy Code is applicable to the Debtor, the Debtor will not receive any discharge of debt in this bankruptcy case.

# ARTICLE 6
# GENERAL PROVISIONS

**6.1.**   Title to Assets

If a plan is confirmed under § 1191(a) of the Bankruptcy Code, except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests.

If a plan is confirmed under § 1191(b) of the Bankruptcy Code, property of the estate includes, in addition to the property specified in § 541, all property of the kind specified in that section that the Debtor acquires, as well as earnings from services performed by the Debtor, after the date of commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13 of the Bankruptcy Code, whichever occurs first. Except as provided in § 1185 of the Bankruptcy Code, the Plan, or the Confirmation Order, the Debtor shall remain in possession of all property of the estate.

**6.2.**    Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**6.3.**    Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**6.4.**    Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1193 of the Bankruptcy Code; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

**6.5.**    Captions.

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**6.6.**    Modification of Plan.

The Debtor may modify the Plan at any time before confirmation of the Plan pursuant to § 1193(a) of the Bankruptcy Code. However, the Bankruptcy Court may impose additional requirements, including revoting with respect to the Plan.

If the Plan is confirmed under Section 1191(a) of the Bankruptcy Code, the Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

If the Plan is confirmed under Section 1191(b) of the Bankruptcy Code, the Debtor may seek to modify the Plan at any time only if (1) it is within 3 years of the Confirmation Date, or such longer time not to exceed 5 years, as fixed by the Bankruptcy Court *and* (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

**6.7.**    Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtor, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

# ARTICLE 7
# ATTACHMENTS

The following documents accompany the Plan [check those applicable, and list any other attachments here]:

[X]    Debtor's most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case, annexed as Exhibit " A".

[X]    Executory Contracts and Unexpired Leases, to be Assumed annexed as Exhibit "B".

[X]    Executory Contracts and Unexpired Leases to be Rejected, annexed as Exhibit "C".

[X]    Property Appraisal Information, annexed as Exhibit "D".

[X]    Liquidation Analysis, annexed as Exhibit "E".

# ARTICLE 8
# FREQUENTLY ASKED QUESTIONS

**What Is the Debtor Attempting to Do in Chapter 11?**  Chapter 11 is the principal reorganization chapter of the Bankruptcy Code.  Under Chapter 11, a debtor attempts to restructure the claims held against it.  Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11.  When reorganization is not feasible, however, a debtor may propose a liquidating plan under Chapter 11.  The plan is the legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**Why Am I Receiving This Plan?**  In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which it is doing with this Plan.  If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?**  To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured. Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured.  The Table of Contents will direct you to the treatment provided to the class in which you are grouped. The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, what is

the size of the class, what you will receive if the Plan is confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed.

**Why Is Confirmation of a Plan of Liquidation Important?**  Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of his creditors are bound by the terms of the Plan.  If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Liquidation?**  Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class.  If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements are shown including that the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

**Am I Entitled to Vote on the Plan?**  Any creditor of the Debtor whose claim is IMPARIED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings.  Any claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion.  Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How do I Determine Whether I am in an Impaired Class?**  The Plan identifies the classes of creditors whose claims are impaired.  If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**  The Plan is being distributed to all claim holders for their review, consideration and approval.  The deadline by which ballots must be returned is <u>November 16, 2021</u>.  Ballots should be mailed to the following address:

> Jeffrey Kurtzman, Esquire
> KURTZMAN | STEADY, LLC
> 55 City Avenue, Suite 480
> Bala Cynwyd, PA 19004

**How Do I Determine When and How Much I Will Be Paid?**  The amount which you will receive under the Plan will depend on the Allowed amount of your Claim, as determined by the Schedules and any order entered by the Bankruptcy Court fixing the Allowed amount of your claim.  The timing of your distribution will depend on the closing of the sale(s) of the Property.

# ARTICLE 9
## DEFINITIONS

**9.1.**     The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.  The definitions that follow that are found in the Bankruptcy Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2.**     Administrative  Claimant:  Any  person  entitled  to  payment  of  an Administration Expense.

**9.3.**     Administrative Expense: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, the allowed claim of the Trustee for fees and/or reimbursements, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

**9.4**     Administrative Tax Claim:  Any tax incurred pursuant to Section 503(b)(1)(B) of the Bankruptcy Code.

**9.5.**     Allowed Claim: Any claim against the Debtor pursuant to Section 502 of the Bankruptcy Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.6.**     Allowed Priority Tax Claim: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.7.**     Allowed Secured Claim: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Bankruptcy Code.

**9.8.**     Allowed Unsecured Claim: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor shall be entitled on the Confirmation Date.

**9.9.**     Bankruptcy Code or Code: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.10.**   Bankruptcy Court: The United States Bankruptcy Court for the Eastern District of Pennsylvania.

**9.11.**   Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure.

**9.12.**   Cash: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.13.**   Chapter 11 Case: This case under Subchapter V of Chapter 11 of the Bankruptcy Code.

**9.14**   Claim: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.15.**   Class: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.16.**   Confirmation: The entry by the Bankruptcy Court of an order confirming this Plan.

**9.17.**   Confirmation Date: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.18.**   Confirmation Hearing: The hearing to be held on November 23, 2021, to consider confirmation of the Plan.

**9.19.**   Confirmation Order: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.20.**   Creditor: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.21.**   Debtor: Jeffrey L. Dershem

**9.22.** Disputed Claim: Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.23.** Distributions: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.24.** Effective Date: 30 days after entry of the Confirmation Date unless the Plan or the Confirmation Order provides otherwise.

**9.25.** Equity Interest: An ownership interest in the Debtor.

**9.26.** Executory Contracts: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.27.** Final Order: An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.28.** **Petition Date**: July 21, 2021, the date on which the Chapter 11 Case was commenced.

**9.29.** Plan: This Plan, either in its present form or as it may be amended or modified from time to time.

**9.30.** Priority Tax Claim: Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**9.31.** Reorganized Debtor: The Debtor after the Effective Date.

**9.32.** Schedules: The Schedules and Statement of Financial Affairs filed by the Debtor with the Bankruptcy Court listing his liabilities and assets.

**9.35.** Secured Creditor: Any creditor that holds a Claim that is secured by property of the Debtor.

**9.36.** Trustee: Leona Mogavero, the trustee appointed pursuant to section 1183(a) of the Bankruptcy Code and whose duties are prescribed under section 1183(b) of the Bankruptcy Code, the Plan, or the Confirmation Order.

**9.37.**    Unsecured Creditor: Any Creditor that holds a Claim in the Chapter 11 Case which is not a secured Claim.

Dated: October 11, 2021                              Respectfully submitted,

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
KURTZMAN | STEADY, LLC
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 839-1222
Attorneys for Debtor