**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | (Subchapter V) |
| JEFFREY L. DERSHEM, | : | Case No. 21-12027 (PMM) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER CONFIRMING THE DEBTOR'S**
**SUBCHAPTER V PLAN OF LIQUIDATION**

AND NOW, this 14th day of December, 2021, upon consideration of the Subchapter V Plan of Liquidation [Doc. No. 62] filed by the above-captioned debtor and debtor-in-possession (the "Debtor"), as modified by the Consent Order entered by this Court on December 6, 2021 [Doc. No. 89] (collectively, the "Plan"), and the Court having reviewed the Report of Plan Voting filed by the Debtor on December 7, 2021 [Doc. No. 90], and a hearing to consider confirmation of the Plan having been held on December 14, 2021 (the "Confirmation Hearing"), and it appearing that no party in interest or the Office of the United States Trustee has filed an objection with respect to the Plan or the confirmation thereof, and the Court having considered the record of this Subchapter V proceeding, and it appearing that all classes of creditors that were entitled to vote concerning the Plan have accepted the Plan, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

A.  **Jurisdiction**.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of

reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

      B.    **Venue**. Venue in the Court is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    **Notice**. Due, adequate, and sufficient notice of the Plan and the order scheduling the Confirmation Hearing were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and were adequate and reasonable under the circumstances of this case, and no further or additional notice of the Confirmation Hearing or the Confirmation Deadlines was necessary or required.

      D.    **Objections to Confirmation**. No creditors or interested parties timely objected to confirmation of the Plan.

      E.    **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

F.     **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the plan.

G.     **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H.     **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I.     **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  The Plan provides adequate means for the implementation of the Plan, including the sale of the assets described in the Plan free and clear of liens, claims, encumbrances and interests.

J.     **Interests of the Creditors, Equity Security Holders, and Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors, equity security holders and public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K.     **Assumption and Rejection – 11 U.S.C. § 1123(b)(2)**.  The Plan provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under the Plan or during the proceeding.

L.     **Transfer Tax Exemption**.  Any and all transfers of assets contemplated by the Plan, including, without limitation, all or any portion of the Debtor's real property, shall be exempt from federal. state and/or local transfer tax, stamp tax or similar tax under section 1146(a) of the Bankruptcy Code (the "Transfer Tax Exemption").

M.     **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.     **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.     **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189 of the Bankruptcy Code because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P.     **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190 of the Bankruptcy Code, the Plan includes: (1) a brief history of the business operations of the Debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the Plan.

Q.     **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a).  With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Debtor, as the Plan proponent, comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. To the extent applicable, the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan or such class is not impaired under the Plan.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan complies with section 1129(a)(9) of the Bankruptcy Code with respect to the treatment of priority claims.

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the Effective date of the Plan.

11. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, it is hereby **ORDERED** as follows:

1. **Confirmation**. The Plan be and hereby is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in § 1141(d)(2) and (3), the provisions of the Plan bind the Debtor and all creditors of the Debtor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

3. **Revesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in § 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate his business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

6. **Disbursing Agent**. The Debtor shall serve as disbursing agent and shall make all payments to holders of allowed claims as required by the Plan.

7. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise rejected are deemed assumed as of the Effective Date.

10. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior orders of this Court.

11. **Discharge of the Subchapter V Trustee**. In accordance with 11 U.S.C. § 1183(c)(1), the subchapter V trustee's services shall automatically terminate upon substantial consummation of the Plan

12. No later than fourteen (14) days after the Plan's substantial consummation, the Debtor shall file (a) the notice required under Section 1183(c)(2); and (b) a motion for the case to be closed, for the Debtor's discharge, and for a final decree.

13. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

   b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

   c. Adjudicate objections to claims;

   d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   e. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   f. Approve applications for final compensation by the Debtor's professionals and the Subchapter V Trustee;

   g. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

   h. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

14. **Free and Clear Sale and Transfer Tax Exemption**. The sale or other disposition of property by the Debtor pursuant to the Plan shall be (a) free and clear of all liens, claims, encumbrances and interests pursuant to sections 363(k) and 1123 of the Bankruptcy Code, with such liens, claims encumbrances and interests attaching exclusively to the proceeds of such

property, (b) subject in all respects to the Transfer Tax Exemption pursuant to section 1146(a) of the Bankruptcy Code, as provided in the Plan and this Confirmation Order, and (c) shall not require the entry of any other or further order of this Court, subject to the requirement that the Debtor shall file such reports as are or may be required pursuant to Bankruptcy Rule 6004 with respect to the sales or other dispositions of assets contemplated by the Plan.

*Patricia M. Mayer*

_____
PATRICIA M. MAYER,
UNITED STATES BANKRUPTCY JUDGE